IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE ANDERSON, | No. 2:24-CV-0977-KJM-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| C. BABCOCK, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for the appointment of counsel, ECF No. 20.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for "exceptional circumstances" requires the Court to evaluate the plaintiff's likelihood success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Wilborn v. Escalderon,

789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the Court does not at this time find the required exceptional circumstances. Plaintiff states that he requires the assistance of counsel because his mental disorder affects his reading, writing, and comprehension abilities. See ECF No. 20, pg. 8. Plaintiff contends that he needed the assistance of another inmate to properly articulate his claims, and now that this inmate he mentioned has been released, he no longer has access to the assistance he needs. See id. at 5. The Court finds that these factors do not represent exceptional circumstances among inmates pursuing litigation in federal court. Here, Plaintiff has plainly demonstrated with his filings in this case that he is able to articulate his claims on his own in spite of his asserted mental disorder. Additionally, at the current stage of the proceedings before an answer has been filed or any discovery conducted, Plaintiff has not shown any particular likelihood of success on the merits. Finally, the Court notes that Plaintiff has not provided documentation establishing the limiting effects, if any, of his claimed mental disorder.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of counsel, ECF No. 20, is denied.

Dated:  June 5, 2025

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE