1

2

3

4

5

6

7

8        **IN THE UNITED STATES DISTRICT COURT**

9        **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    TERRANCE ANDERSON,                        No.  2:24-CV-0977-KJM-DMC-P

12            Plaintiff,

13        v.                                         <u>ORDER</u>

14    C. BABCOCK, et al.,

15            Defendants.

16

17            Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983.  Pending before the Court are Plaintiff's motions to compel.  <u>See</u> ECF Nos. 21

19    and 22.  Plaintiff has filed a supplement in support of both motions.  <u>See</u> ECF No. 25.

20    Defendants have filed oppositions to both motions.  <u>See</u> ECF Nos. 23 and 26.  Also before the

21    Court is Defendants' motion to modify the schedule for this litigation.  <u>See</u> ECF No. 27.

22            In the pending motions to compel, Plaintiff seeks an order directing Defendants to

23    provide further responses to interrogatories and requests for production of documents.  <u>See</u> ECF

24    Nos. 21 and 22.  With his supplement, Plaintiff has provided the Court with copies of the

25    discovery requests and responses at issue.  <u>See</u> ECF No. 25.  Defendants have also provided the

26    Court with copies of the disputed requests and responses.  <u>See</u> ECF No. 23.

27    / / /

28    / / /

1

1        The Court agrees with Defendants that the discovery requests underlying

2    Plaintiff's motions to compel were untimely.  The Court issued a discovery and scheduling order

3    for this case on September 25, 2024.  <u>See</u> ECF No. 19.  Pursuant to this order, the parties were

4    permitted to conduct discovery through May 30, 2025.  <u>See</u> <u>id.</u> at 3.  Discovery requests were

5    required to be served at least 60 days prior to this date.  <u>See</u> <u>id.</u>  Here, as revealed in the

6    documents attached to Defendants' opposition, Plaintiff's discovery requests were untimely, and

7    Defendants appropriately objected on this basis.  Specifically, Plaintiff's interrogatories and

8    requests for production were produced to prison officials for mailing on April 6, 2025.[1]  <u>See</u> ECF

9    No. 23, pg. 20.  Because this date is less than 60 days prior to the May 30, 2025, discovery cut-off

10   date, Plaintiff's discovery requests were untimely.  The Court will deny Plaintiff's motions to

11   compel and grant Defendants' motion to extend the dispositive motion filing deadline.

12       Accordingly, IT IS HEREBY ORDERED as follows:

13       1.    Plaintiff's motion to compel, ECF Nos. 21, and 22, are denied.

14       2.    Defendants' motion to modify the schedule, ECF No. 27, is granted.

15       3.    Dispositive motions are due within 30 days of the date of this order.

16

17   **Dated:  October 14, 2025**

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

---

[1]    Pursuant to <u>Houston v. Lack,</u> 487 U.S. 266 (1988), for pro se prisoner litigants, documents are considered served as of the date they are delivered to prison authorities for mailing to the Court.  Here, Defendants have supplied the Court with a copy of the envelope from Plaintiff containing his discovery requests.  This envelope indicates that the documents were received by prison officials on April 6, 2025.