**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

TERRANCE ANDERSON,

Plaintiff,

v.

C. BABCOCK, et al.,

Defendants.

No. 2:24-CV-0977-TLN-DMC-P

FINDINGS AND RECOMMENDATIONS

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendants' unopposed motion for summary judgment based on failure to exhaust administrative remedies prior to filing suit. See ECF No. 29.

The Federal Rules of Civil Procedure provide for summary judgment or summary adjudication when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The standard for summary judgment and summary adjudication is the same. See Fed. R. Civ. P. 56(a), 56(c); see also Mora v. ChemTronics, 16 F. Supp. 2d. 1192, 1200 (S.D. Cal. 1998). One of

/ / /

/ / /

the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Under summary judgment practice, the moving party

> . . . always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Id., at 323 (quoting former Fed. R. Civ. P. 56(c)); see also Fed. R. Civ. P. 56(c)(1).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c)(1); see also Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987). To demonstrate that an issue is genuine, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted). It is sufficient that "the claimed factual dispute be shown to require a trier of fact to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631.

/ / /

/ / /

/ / /

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. See Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed, see Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, see Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Ultimately, "[b]efore the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251.

## I. PLAINTIFF'S ALLEGATIONS

This action proceeds on Plaintiff's original complaint, which is not verified. See ECF No. 1. Plaintiff names the following as defendants: (1) C. Babcock, (2) J. Fisk, and (3) K. Estupinan. All defendants are alleged to have been prison officials at Mule Creek State Prison (MCSP) between March and June 2023. Plaintiff alleges a violation of his First Amendment rights as a result of retaliation.

Plaintiff states that he was assigned the Inmate Porter position and worked under supervision of Defendant Babcock. According to Plaintiff, on March 19, 2023, Plaintiff entered his assigned unit during the facility unlock and went to his assigned cell to retrieve some CDs. See id. After Plaintiff exited his cell and as he was leaving the housing unit, Defendant Babcock closed the sally port door to the recreational yard. Plaintiff expressed that he wanted to go to the recreational yard and Defendant Babcock insisted that the door was already closed to the recreation yard and that Plaintiff was "out of luck."

/ / /

/ / /

Plaintiff subsequently informed Defendant Babcock that he would file a grievance for denying Plaintiff access to recreation. Plaintiff asserts that Defendant Babcock then wrote a false Rule Violation Report (RVR) charging Plaintiff with disobeying an order (RVR Log #7282239). Defendant Estupinan accepted the RVR and, after reviewing it, reduced the violation to a counseling chrono. Plaintiff filed a grievance against Defendant Babcock for intimidation, abuse of authority, and oppression on March 23, 2023.

According to Plaintiff, on May 14, 2023, Babcock knowingly and maliciously entered false information into departmental records and falsely accused Plaintiff of disobeying an order. On June 20, 2023, Plaintiff was paged to the facility program office for a disciplinary hearing relating to the May 14, 2023, RVR. Defendant Estupinan found Plaintiff guilty of the violation. Subsequently, Defendant Estupinan ordered Plaintiff be placed in a holding cage and ordered officers to search Plaintiff's living quarters.

Plaintiff alleges that while he was detained in a holding cage, Defendant Fisk, approached the cage with Defendant Estupinan and began intimidating and harassing Plaintiff. Plaintiff claims that Defendant Fisk stated: "You were on A yard with us, and you know it is a stupid decision to file a 602 [inmate grievance] against an officer especially a union rep." According to Plaintiff, after the officers completed their search, Plaintiff was kept in the holding cage for over four hours and was not provided his evening meal.

On June 30, 2023, Plaintiff reported to his visitation with his fiancé and was placed behind glass for no-contact visiting. When Plaintiff inquired about the reason for the visitation restriction, Plaintiff was informed that Defendant Fisk ordered it. Plaintiff asserts that this restriction caused Plaintiff's stepson to become emotionally distraught and caused tension between Plaintiff and his fiancé.

/ / /

/ / /

/ / /

/ / /

/ / /

## II. DEFENDANTS' EVIDENCE

Defendants' motion for summary judgment is supported by a memorandum of points and authorities, see ECF No. 29-1, and a separate statement of undisputed facts and attached Exhibits A through H, see ECF No. 29-2. According to Defendants, the following facts are undisputed:

> 1. At all relevant times, the California Department of Corrections and Rehabilitation (CDCR) and MCSP had an administrative grievance process in place for inmates. See Exhibit A.
>
> 2. At all relevant times, the grievance process had two levels of review. See id.
>
> 3. During the relevant timeframe, Plaintiff submitted three inmate grievances: (a) Log No. 377809, dated March 23, 2023; (b) Log No. 420464, dated July 7, 2023; and (c) Log No. 541187, dated March 30, 2024. See id.
>
> 4. There is no record that any of these grievances was pursued to the final level of review at the Office of Appeals. See Exhibit E.
>
> See ECF No. 29-2.

## III. DISCUSSION

In their unopposed motion for summary judgment, Defendants argue, among other things, that they are entitled to judgment in their favor as a matter of law because Plaintiff failed to exhaust available administrative remedies prior to filing suit. See ECF No. 29-1, pgs. 8-10. For the reasons discussed below, the Court agrees.

Prisoners seeking relief under § 1983 must exhaust all available administrative remedies prior to bringing suit. See 42 U.S.C. § 1997e(a). This requirement is mandatory regardless of the relief sought. See Booth v. Churner, 532 U.S. 731, 741 (2001) (overruling Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999)). Because exhaustion must precede the filing of the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies while the lawsuit is pending. See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). The Supreme Court addressed the exhaustion requirement in Jones v. Bock, 549 U.S. 199 (2007), and held: (1) prisoners are not required to specially plead or demonstrate exhaustion in the complaint

because lack of exhaustion is an affirmative defense which must be pleaded and proved by the defendants; (2) an individual named as a defendant does not necessarily need to be named in the grievance process for exhaustion to be considered adequate because the applicable procedural rules that a prisoner must follow are defined by the particular grievance process, not by the PLRA; and (3) the PLRA does not require dismissal of the entire complaint if only some, but not all, claims are unexhausted. The defendant bears burden of showing non-exhaustion in the first instance. See Albino v. Baca, 747 F.3d 1162, 1172 (9th Cir. 2014). If met, the plaintiff bears the burden of showing that the grievance process was not available, for example because it was thwarted, prolonged, or inadequate. See id.

The Supreme Court held in Woodford v. Ngo that, in order to exhaust administrative remedies, the prisoner must comply with all of the prison system's procedural rules so that the agency addresses the issues on the merits. 548 U.S. 81, 89-96 (2006). Thus, exhaustion requires compliance with "deadlines and other critical procedural rules." Id. at 90. Partial compliance is not enough. See id. Substantively, the prisoner must submit a grievance which affords prison officials a full and fair opportunity to address the prisoner's claims. See id. at 90, 93. The Supreme Court noted that one of the results of proper exhaustion is to reduce the quantity of prisoner suits "because some prisoners are successful in the administrative process, and others are persuaded by the proceedings not to file an action in federal court." Id. at 94. When reviewing exhaustion under California prison regulations which have since been amended, the Ninth Circuit observed that, substantively, a grievance is sufficient if it "puts the prison on adequate notice of the problem for which the prisoner seeks redress. . . ." Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009); see also Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010) (reviewing exhaustion under prior California regulations). Exhaustion is defined by the prison, not the PLRA. See Reyes v. Smith, 810 F.3d 654, 657 (9th Cir. 2016) (quoting Jones v. Bock, 549 U.S. 199, 218 (2007)). Under state regulations revised in 2020, inmate grievances must be completed through the final level of review with the Office of Appeals. See Cal. Code. Regs., tit. 15, § 3486(m).

/ / /

Here, Defendants' evidence shows that an inmate grievance process was available to Plaintiff and that he utilized that process by filing grievances. Defendants' evidence also shows that none of the grievances Plaintiff filed during the relevant period was pursued through the final level of review with the Office of Appeals. The Court finds that Defendants have met their initial burden on summary judgment of establishing Plaintiff's failure to exhaust administrative remedies through the final level of review. Given that Plaintiff has not opposed Defendants' motion, the Court further finds that Defendants' evidence is necessarily undisputed and that summary judgment in Defendants' favor is warranted.

## IV. CONCLUSION

Based on the foregoing, the undersigned recommends that Defendants' unopposed motion for summary judgment, ECF No. 29, be granted and that this action be dismissed with prejudice for failure to exhaust administrative remedies prior to filing suit.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 20, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE